CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 14 2009

JOHN F CORCORAN, CLERK
BY: K Botson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:09cr00010-2 |
| v. | **REPORT AND RECOMMENDATION** |
| CHRISTINA N. GRAY, | By: Hon. James G. Welsh |
| *Defendant* | U.S. Magistrate Judge |

The Grand Jury previously returned a Multi-count Indictment charging in **Count One** that beginning on or about September 2007 and continuing until on or about September 30, 2008, this defendant knowingly and intentionally combined, conspired, confederated and agreed with other persons, both known and unknown, to distribute fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(A), all in violation of Title 21 United States Code, Section 846; charging in **Count Three** that on or about September 23, 2008 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2;charging in **Count Four** that on or about September 30, 2008 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; and charging in **Count Five** that on or about September 30, 2008 this

defendant knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. In addition the Indictment contained a **Notice of Forfeiture** apprising the defendant of the government's intention to seek forfeiture of certain property, pursuant to Title 21, United States Code, Sections 853 and 881.

The defendant was previously arraigned and entered pleas of Not Guilty to these charges. The defendant having now indicated an intent to change her plea to one of these charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of 28 U.S.C. § 636(b)(3).

Pursuant thereto, a plea hearing was held on July 2, 2009. The defendant was at all times present in person and with her counsel, Roland Santos. The United States was represented by Jeb Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g). With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a pleas of guilty to a lesser included felony offense charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRY
2

defendant knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. In addition the Indictment contained a **Notice of Forfeiture** apprising the defendant of the government's intention to seek forfeiture of certain property, pursuant to Title 21, United States Code, Sections 853 and 881.

The defendant was previously arraigned and entered pleas of Not Guilty to these charges. The defendant having now indicated an intent to change her plea to one of these charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of 28 U.S.C. § 636(b)(3).

Pursuant thereto, a plea hearing was held on July 2, 2009. The defendant was at all times present in person and with her counsel, Roland Santos. The United States was represented by Jeb Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g). With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a pleas of guilty to a lesser included felony offense charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her name is Christina N. Gray; she is twenty-three (23) years of age, and she has some education in addition to high school. She can read, write and understand English without difficulty. She testified that she had no medical condition, either physical or mental, which might interfere with her ability to understand and to participate fully in the proceeding, that she was using no alcoholic beverage, medication or drugs which might impair her ability to participate fully in the proceeding, that her mind was clear, and that she understood she was in court for the purpose of entering pleas of guilty to a felony offense which she could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to change her plea and to enter a plea of guilty.

The defendant acknowledged that she had received a copy of the Indictment. She stated that she had discussed the charges with her attorney and had been given enough time to do so. She stated that she understood the nature of the several charges against her in the Indictment and understood each was a felony offense. *See* Rule 11(b)(1)(G). She testified that she had discussed any possible defenses with her attorney and that she had been given adequate time to prepare any defenses she might have to the charges. She stated that her decision to enter a plea of guilty to a lesser included Count One offense had been made after consulting with her attorney, that she was fully satisfied with

the services of her attorney, and that it was her intention and desire to change her prior plea and to enter a plea of guilty pursuant to the terms of her plea agreement.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). By counsel, the government's understanding of the plea agreement was then stated in some detail: including the agreement for the defendant to plead guilty to a lesser included Count One offense [¶ A.1.]; the terms of the government's agreement to dismiss the remaining counts of the Indictment at the time of sentencing [¶ A.3]; the defendant's express acknowledgment of the mandatory minimum penalty for violation of 21 U.S.C. §§ 841(b)(1)(B) [1] [¶ A.1]; the defendant's express acknowledgment of the possible maximum statutory possible penalty for violation of same said criminal statute [¶ A.1.]; the defendant's express understanding that she may be required to pay fees for her incarceration and supervised release and that she may be required to pay restitution, and that her assets may be subject to forfeiture [¶¶ A.1., B.4.a. and C.]; the defendant's express admission of her factual guilt to the aforesaid lesser included offense charged in Count One of the Indictment [¶ A.1.]; the defendant's

---

[1] The defendant was also informed that she could be sentenced to less than five years imprisonment if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e) on her behalf or if she qualifies for the "Safety Valve" exception set forth in 18 U.S.C. § 3553(f). *See* ¶¶ B.2. and B.3. of the plea agreement.

4

Case 5:09-cr-00010-GEC-JGW   Document 48   Filed 07/14/09   Page 4 of 13   Pageid#: 98

obligation to pay a $100.00 special assessment in full prior to entry of her guilty plea and the related restitution and assessment provision [¶ B.4.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the agreement's forfeiture provision and the defendant's abandonment of seized property [¶¶ C and D.5.]; the defendant's express waiver of her right to appeal for any reason whatsoever [¶ D.1.]; the defendant's express waiver of her right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2.]; the defendant's waiver of all rights to access investigation or prosecution records or information [¶D.3.]; the terms of the defendant's statute of limitations waiver [¶ E.]; the option of the government to declare the agreement void in the event that any co-defendant did not also enter a guilty plea pursuant to the co-defendant's separate plea agreement [2] [¶ D.6.]; the defendant's express acknowledgment that she had been effectively represented [¶ F.3.]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.4.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

---

[2] The co-defendant named in the Indictment entered a guilty plea pursuant to a separate written plea agreement on the same date and thereby removed this contractual contingency.

5

After which, the defendant was asked if her understanding of the terms of the agreement was the same, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the aforesaid lesser included Count One offense, the defendant acknowledged her understanding that the minimum statutory penalty for conviction of the lesser offense charged in Count One of the Indictment to be confinement in a federal penitentiary for five (5) years [3] and her understanding that the maximum possible penalty provided by law for conviction of this offense to be confinement in a federal penitentiary for forty (40) years, a $2,000,000.00 fine, and a significant term of supervised release after completion of any term of incarceration. *See* Rule 11(b)((H)-(I). In addition, the defendant

---

[3] *See* footnote no. 1.

acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and

7

other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and she knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ D.1.], the defendant expressly acknowledged that she understood that she was waiving all rights to appeal her conviction or any sentence which did not exceed the maximum permitted by law. Likewise, pursuant to the terms of the plea agreement [¶ D.2.], she expressly acknowledged that she understood she was waiving all rights to challenge her conviction or her sentence in any post-conviction proceeding.

Each of her procedural rights surrendered on a plea of guilty was also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not

guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt, her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense, her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense, and her right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the lesser offense charged in Count One because she had in fact participated in a criminal conspiracy to distribute five grams or more of cocaine base ("crack') was alleged.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government read into the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. After which, the defendant signed the written Statement of Facts, and she and her attorney each acknowledged that as to the lesser offense charged in Count One the statement fairly summarized the government's case. *See* Rule 11(b)(3). It was then received, filed and made a part of the record.

9

Case 5:09-cr-00010-GEC-JGW   Document 48   Filed 07/14/09   Page 9 of 13   Pageid#: 103

After testifying that she had heard and understood all parts of the proceeding, the defendant waived a reading of the indictment. Asked her plea to the lesser offense charged in Count One, the defendant entered a plea of GUILTY to the violation of Title 21, United States Code, Section 846 and 841(b)(1)(B). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty, after an independent basis for the plea was established, the defendant was again addressed personally, and she reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it. **The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of her guilty plea.**

**GOVERNMENT'S EVIDENCE**

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the lesser included charge in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the lesser charge set forth in Count One of the Indictment and of the consequences of her guilty plea;

3. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and her tender of a plea of guilty a lesser included offense in Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered her plea of guilty;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the lesser included offense charged in Count One of the Indictment, that she be adjudged guilty of said offense, and that a sentencing hearing be scheduled at a time convenient to the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review.**

At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge, and the clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 13th day of July 2009.

                                                          /s/    *James G. Welsh*
                                                          United States Magistrate Judge